## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### (Eastern Division)

| | |
|---|---|
| In re<br><br>C.W. KELLER & ASSOCIATES, LLC, *et al.*<br><br>     Debtors,<br><br>---<br><br>KEITH LOWEY, in his capacity as Liquidating Trustee of the CW Keller Liquidating Trust,<br><br>     Plaintiff,<br><br>  v.<br><br>CertainTeed, LLC,<br><br>     Defendant. | Chapter 11<br><br>Case No. 23-11357-CJP<br><br>(Jointly Administered)<br><br><br><br><br><br>Adv. Proc. No. 25-_____-CJP |

## COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFER[S]

Plaintiff Keith Lowey (the "Trustee"), in his capacity as the duly appointed Liquidating Trustee of the CW Keller Liquidating Trust (the "Trust"), hereby files this Complaint (the "Complaint") against CertainTeed, LLC to avoid and recover certain preferential transfers and respectfully alleges as follows:

### Parties

1. The Trustee has a place of business at 124 Washington Street, Suite 101, Foxboro, Massachusetts 02035.

2.      Defendant CertainTeed, LLC ( "Defendant") is a Delaware limited liability company with a business address at 61 Royal Group Crescent Woodbridge, ON L4H 1X9 Canada.

### Jurisdiction and Venue

3.      This Court has jurisdiction over this adversary proceeding, which relates to the above-captioned pending case, pursuant to 28 U.S.C. §§ 157(b), 1334 and L.R., D. Mass. 201.

4.      Venue is proper in this Court under 28 U.S.C. § 1409(a).

5.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).

6.      This Court has jurisdiction over the Defendant pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure.

### Facts

7.      On August 24, 2023 (the "Petition Date"), C.W. Keller & Associates, LLC and C.W. Keller Holding Company, Inc. (each, a "Debtor," and together, the "Debtors") each filed a voluntary petition under chapter 11 of 11 U.S.C. § 101, *et seq.* ("Bankruptcy Code"), commencing the above-captioned bankruptcy case (the "Bankruptcy Case").

8.      On January 5, 2024, the Debtors filed the Second Amended Chapter 11 Plan of Liquidation (the "Plan"), which provided for the creation of a Liquidating Trust for the purpose of liquidating and distributing the Debtors' assets.

2

9. On February 20, 2024, the Court entered an order confirming the Plan (the "Confirmation Order"). Pursuant to the Confirmation Order, the Court appointed the Trustee as trustee of the Liquidating Trust.

10. Section 5.15 of the Plan vests the Liquidating Trustee with all rights, powers and benefits afforded to a "trustee" under the Bankruptcy Code. Section 5.30 of the Plan confers on the Trustee the right to commence and prosecute Avoidance Actions (as defined in the Plan) pursuant to Sections 544, 547, 548, 550 and 551 of the Bankruptcy Code.

11. On or within the ninety (90) days before the Petition Date, Debtor C.W. Keller & Associates, LLC made the following transfer(s) to the Defendant set forth in **Exhibit A** (each a "Transfer").

12. The Defendant received each Transfer at a time when the Debtors were facing financial difficulties and were insolvent.

13. Based on reasonable due diligence in the circumstances of the case, including the documents and persons with knowledge currently available to the Trustee, and considering reasonably known or knowable affirmative defenses, if any, and following the delivery of a demand letter to the Defendant and the opportunity to articulate any alleged defenses, the Trustee believes he is entitled to avoid and recover the Transfer(s).

## COUNT I
### (Avoidance and Recovery of Preferences – 11 U.S.C. §§ 547, 550 and 551)

14.     The Trustee repeats and realleges the allegations of the foregoing paragraphs with the same force and effect as though fully set forth herein.

15.     Each Transfer was a transfer of interests of a Debtor in property made to or for the benefit of a creditor.

16.     Each Transfer was made on account of the antecedent debt owed by a Debtor before such Transfer was made.

17.     Each Transfer was made while the Debtors were insolvent.

18.     Each Transfer was made on or within ninety (90) days before the filing of the Debtors' bankruptcy petitions.

19.     Each Transfer, if not avoided, would enable the Defendant to receive more than it would receive if: (i) the Bankruptcy Case were a Chapter 7 case; (ii) the Transfer had not been made; and (iii) the Defendant received payment of such debt to the extent allowable under the Bankruptcy Code.

20.     Each Transfer is voidable by the Trustee as a preference pursuant to 11 U.S.C. § 547, which the Trustee may avoid pursuant to 11 U.S.C. § § 550 and 551.

21.     Defendant was the initial transferee of each Transfer or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfer(s) were made.

4

22.     Pursuant to 11 U.S.C. § 550(a), Defendant must return the value of each Transfer to the Trustee.

### Prayer for Relief

**WHEREFORE**, the Trustee respectfully requests that this Court enter judgment in favor of the Trustee as follows:

1. Determining that each Transfer is avoidable and ordering that each Transfer be set aside as preferential and recovered by the Trustee pursuant to Sections 547, 550, and 551 of the Bankruptcy Code;

2. Avoiding each Transfer in favor of the Trustee and directing and ordering the Defendant to return to the Trustee the full value of and award judgment against Defendant in an amount equal to the Transfer(s), or $23,135, plus pre-and-post judgment interest at the statutory rate calculated from the date of demand; and

3. Awarding costs and pre-judgment interest at the maximum legal rate running from the filing of this adversary proceeding;

4. Awarding post-judgment interest at the maximum legal rate running from the entry of judgment until the judgment is paid in full; and

5. Granting the Trustee such other and further relief as is just and proper.

KEITH LOWEY, LIQUIDATING TRUSTEE

By his attorneys,

*/s/ Joseph M. Downes III*
Joseph M. Downes III (BBO No. 655853)
William S. McMahon (BBO No. 651832)
Downes McMahon LLP
215 Lewis Wharf
Boston, MA  02110
Telephone: (617) 600-6430
Facsimile: (617) 848-3781
jdownes@dmlawllp.com
wmcmahon@dmlawllp.com

5

Exhibit A

| C.W. Keller & Associates, LLC | | | |
|---|---|---|---|
| **Chapter 11- Bankruptcy Case No. 23-11357** | | | |
| | | | |
| **Check #** | **Transaction Date** | **Cleared Date** | **Amount** |
| | | | |
| 11964 | 6/2/2023 | 6/14/2023 | $ 20,000.00 |
| 11979 | 6/30/2023 | 7/14/2023 | $ 3,135.00 |
| | | | |
| | | | $ **23,135.00** |
| | | | |